## McGlynn, Appellant, *v.* Hoban.

*Church law—Affidavit of defense—Contract.*

In an action by an architect against a bishop of the Roman Catholic Church, trustee of a congregation, for services rendered, an affidavit of defense is sufficient to prevent judgment, which avers that the congregation in question was a corporation, and that the clergyman mentioned in the statement of claim as having ordered the work, had no authority to bind the defendants, and had not been authorized by them to pledge the credit of the congregation in question.

Argued March 7, 1910. Appeal, No. 25, March T., 1910, by plaintiff, from order of C. P. Luzerne Co., discharging rule for judgment for want of a sufficient affidavit of defense in case of Owen McGlynn v. Rt. Rev. M. J. Hoban, Bishop of the Roman Catholic Diocese of Scranton, Pa. in trust for the Congregation of St. Mary's Polish Roman Catholic Church of Nanticoke, et al. Before RICE, P. J., HENDERSON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit for services.

Rule for judgment for want of a sufficient affidavit of defense.

The facts appear by the opinion of the Superior Court.

*Error assigned* was order refusing to make absolute rule for judgment.

*Frank P. Slattery,* for appellant.

*B. R. Jones,* of *Atherton & Jones,* for appellee.

PER CURIAM, April 18, 1910:

The affidavits of defense aver unequivocally that the Rev. Adolph Nowicki, the person named in the statement of claim, as having requested plaintiff to perform the work and furnish the plans and specifications, for which this suit was brought,

had no authority in law or in fact, to bind the defendants, and was not authorized by them to pledge the credit of any of them, and especially St. Mary's Polish Roman Catholic Church, for the payment of any work done and plans and specifications furnished. On the other hand, it is argued by plaintiff's counsel that every Roman Catholic congregation in a diocese is in charge of a pastor, who is, according to the canons of the church, called also the administrator; that being so in charge, he must be the agent of either the bishop as trustee or the agent of the congregation; that the bishop as trustee had neither interest in the estate of the congregation nor power to control it or direct its management in any way, but that the control was entirely in the hands of the congregation; therefore, the pastor in charge must be the agent of the congregation. It will be seen that this argument is based on allegations relative to the authority of the pastor under the canons of the church. But these are matters of fact dehors the record which cannot be judicially taken notice of in the present stage of the case; therefore the argument cannot avail to overthrow the allegations of the affidavit of defense.

It is averred further in a supplemental affidavit that "St. Mary's Polish Roman Catholic Church of Nanticoke, Pennsylvania, is a corporation for religious purposes," and holds its property in accordance with the provisions of the Act of April 10, 1893, P. L. 14, whereas the argument of appellant's counsel involves the assumption that it is an unincorporated religious congregation.

Another point to be noticed is that the deeds to Bishop Hoban in trust for St. Mary's Polish Roman Catholic Church of Nanticoke, which are printed in appellant's paper-book under the head "Title to Appellee's Real Estate," are not specifically referred to in the statement of claim or in the affidavits of defense and therefore are not before us for consideration.

We need not go into a further analysis of the statement of claim and the affidavit of defense. Enough has been said to show that there are matters of fact not appearing of record, or in dispute, the determination of which is essential to the

final decision of the issue, and which could not be determined on the motion for summary judgment.

The appeal is dismissed at the costs of the appellant, but without prejudice to his right to a jury trial and a second appeal after final judgment.